IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| ATSI, INC. | § | Case No. 22-30135-HCM-11 |
| Debtor. | § | |

## DEBTORS' MOTION FOR SUBSTANTIVE CONSOLIDATION OF SUBCHAPTER V CASES

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Now comes the Debtor-in-Possession ATSI, INC., a Wyoming corporation (hereinafter referred to as "ATSI"), and through its attorney E.P. BUD KIRK files this Motion for Substantive Consolidation of Subchapter V Cases, and for cause would show:

1.

Petition date in this case is February 25, 2022. The Debtor is a Wyoming for profit corporation and it has had a Texas affiliate since September 5, 2019, called ADVANCE TRANSPORTATION SERVICES, INCORPORATED (hereinafter "ADVANCE" of Texas). ATSI, INC. had its El Paso bank account garnished by a judgment creditor, S.W.I.T., INC. on or about that date. At the time of the garnishment, all assets of the business, which was being carried on at 1477 Lomaland, Suite D-10, El Paso, Texas, belonged to the Wyoming corporation.

2.

The assets of the business then known as ATSI, INC., a Wyoming corporation, then consisted of the following personal property:

| | | |
|---|---|---|
| <u>Vehicles owned:</u> | 2019 Ford Transit | $38,000.00 |
| | 2006 International TDAC Vin-6880 | $5,000.00 |
| | 2006 International TDAC Vin-5596 | $5,000.00 |
| | | |
| <u>Vehicles leased:</u> | From EP Leasing, LLC (nineteen 53' dry vans, vintages 2003-2006) | |

        From Penske Truck Leasing (nineteen tractors and trailers, vintages 2018-2020)

<u>Bank deposits</u>:  The garnishment action recovered $20,295 for S.W.I.T., after which the account was empty and was closed.

<u>Receiveables</u>:  The new Texas corporation directed customers of ATSI, INC. to remit payments totaling approximately $10,000 to a new account for the Texas corporation.

3.

The Wyoming corporation also had a long-term lease of 15,000 square-foot trucking depot (warehouse and yard) at 1477 Lomaland, Space D-10, El Paso, Texas 79935.

4.

Over time, however, from operating with the Wyoming corporation's assets, and from utilizing the services of the Texas corporation, the Texas corporation came to accumulate new accounts receiveable and new bank deposits which were in the name of ADVANCE TRANSPORTATION SERVICES INCORPORATED.

5.

Over time, also, one of the lessors to the Wyoming corporation changed its lease over to the name of ADVANCE TRANSPORTATION SERVICES INCORPORATED. That was the lessor of 1477 Lomaland, Suite D-10, the creditor SCOT PROPERTIES, LTD.

6.

Also over time, the Texas corporation acquired certain tangible personalty:

| | |
|---|---|
| Office furniture | $2,000.00 |
| Book and paintings | $200.00 |
| Uniforms, protective gear | $500.00 |

2

| | |
|---|---|
| Equipment | $2,500.00 |
| Tools | $10,000.00 |
| Two forklifts, wrapping machine | $25,000.00 |

7.

The two ongoing "fleet" leases of tractors and trailers, which "ADVANCE of Texas" kept up with PENSKE TRUCK LEASING on the newer (2018-2020) vehicles and with EP LEASING, LLC on the older (2003-2006) vehicles, did not result in any equity accruing to "ADVANCE of Texas." The EP LEASING, INC. vehicles (all trailers) did not have any options to purchase for the month-to-month leases. They still rent today for the same monthly charges that the Wyoming corporation was paying. The PENSKE TRUCK LEASING leases did have options to purchase at lease endings, but none of those leases ever reached a maturity date when the options might have been exercised; and all of the PENSKE TRUCK LEASING leases were terminated for default, on November 22, 2021.

8.

"ADVANCE of Texas," moreover, made the majority of the installment payments on the 2019 Ford Transit financed by CIT and on the two 2006 Internationals which are now paid off. "ADVANCE of Texas" also made all of the down payments and installment payments, up to Chapter 11 filing date, on a 2015 Chevrolet van which has been scheduled as paid for (down payment and all installments) by the Texas corporation.

9.

The principal in both the Texas and the Wyoming corporations was their sole shareholder, ABRAHAM WARDY of El Paso, Texas. He proceeded to conduct the dealings of both corporations through the Texas corporation's bank account. He also allowed the charter of the Wyoming corporation to lapse. All servicing of the contracts of the Wyoming corporation since September 5, 2019 has been performed by the Texas corporation. At this date it would be an exercise in speculation, to place a value on any specific portion of the assets of either corporation, whether because of its debt servicing or because of titles it holds, or because of other reasons.

3

10.

There are debts of "ADVANCE of Texas" that post-date September 5 of 2019. None of those debts is secured by any assets of the Wyoming corporation, with two exceptions. Two of the lenders to the enterprise that is being carried on at 1477 Lomaland, Suite D-10, insisted after September 5, 2019, on signing up both corporations to their loans and their perfected security agreements. Those lenders are E ADVANCE SERVICES (owed $25,001) and ON DECK CAPITAL (owed $27,924.00).

11.

The creditor with the strongest reason to adopt a "title" theory for the assets and wealth that are now used in "ADVANCE of Texas," is S.W.I.T. It had an abstract of judgment—but no other liens—against the Wyoming corporation as of September 5, 2019. Their garnishment recovered $20,295. An abstract of judgment is a lien only on real property, and neither the Wyoming nor the Texas corporation has ever owned any real estate.

12.

The creditors with the strongest reason to adapt a "servicing" theory for the wealth and organization that are now used in "ADVANCE of Texas," are three "merchant lenders" that loaned to "ADVANCE of Texas" within the past year. They are REGAL CAPITAL (owed $104,930.00), YES CAPITAL (owed $29,980.00), and PRIME ADVANCE (owed $29,980.00).

13.

The "title" theory has a drawback, that the current value of the assets—whichever corporation they are said to "belong" to--is not much. There is equity of $11,000 in the 2006 Ford and $10,000.00 in each of the 2006 International tractors. So if there is going to be a recovery of any decent proportions in this case, it will have to come from operations—not from any liquidating.

14.

The drawback in the "service" theory of what gives the business value, is the same: not much in saved earnings has been accumulated, and a sudden liquidation of those earnings cannot

capture more than what is on hand—sometimes as much as $20,000, depending on the date of the measurement in any month.

15.

Outside of bankruptcy reorganization proceedings, there does not appear to be a feasible way to combine the two corporations. Consolidation of two ongoing corporate activities requires a mechanism afforded by corporation law. The corporate statutes of Texas and Wyoming are not identical, and there are, upon information and belief, no bridging statutes that provide ways to merge corporations chartered in different states.

16.

Of the standards there could be for how consolidation ought to proceed as between two entities already in reorganization proceedings, the overwhelmingly obvious ones are fairness and due process—a right to participate in the assets and the earnings of both corporations and have entitlements based on the debts that are owed.

17.

There are also concerns of efficiency. The Texas corporation is operating. It has contracts and customers. The Wyoming corporation has neither. Work could be arbitrarily assigned to the Wyoming corporation, and facilities could be duplicated, to perform the work. But there is no need; the facilities are already in place. And the duplication would cause needless expense. Once operations were duplicated, there would be the problem of how to allocate earning opportunities between the two corporations.

18.

The optimum consolidation mechanism, in the respects of efficiency, fairness, and due process, appears to be for these measures to take place:
   a. The Texas corporation must agree to pay the debts of both corporations without preference given to either, and it must assume the debts of the Wyoming corporation.

b. The Wyoming corporation must assign its assets to the Texas corporation.

c. The liens currently held against both corporations by E ADVANCE SERVICES and ON DECK CAPITAL must remain intact and be paid according to the cash collateral order already in place, or any superseding orders imposed after notice and an opportunity to be heard;

d. The two cases must be consolidated into one—the case which has been the Texas case to date, No. 21-30906-HCM-11.

19.

The Texas corporation agrees to measures a, b, c, and d in the foregoing Paragraph 18, subject to Court-approval of this Motion and subject to Court approval of a similar Motion which is being reciprocally filed by the Wyoming corporation.

20.

In keeping with the foregoing paragraph 18, the Texas corporation also agrees to file and implement an Amended Plan of Reorganization consistent with the foregoing paragraph 18 in case 21-30906-HCM-11. The Amended Plan is to treat the unsecured debts of the two corporations equally, except that debts entitled to priority are not to be given general unsecured treatment.

21.

Any orders of the Bankruptcy Court consolidating the corporations are to provide that the Wyoming corporation, once consolidated into the Texas corporation, shall assert no more separate corporate existence. The consolidating orders are to provide that if required to do so by this Court or by the corporation laws of the State of Wyoming, ATSI, INC. shall file Articles of Dissolution (or other appropriate papers to signify the consolidation in bankruptcy) with the Wyoming Secretary of State.

22.

In the event the Bankruptcy Court orders further measures to implement and/or memorialize the consolidation, the Wyoming corporation agrees to carry them out.

23.

A similar Motion is being filed by the Texas corporation in case No. 21-30906-HCM-11.

WHEREFORE, PREMISES CONSIDERED, ATSI, INC. prays for approval of this Motion for Substantive Consolidation of this case with case No. 21-30906-HCM-11.

In the alternative, if this Court will not approve this Motion for Substantive Consolidation as presented, then ATSI, INC. prays for an order of Joint Administration with case No. 21-30906-HCM-11, upon such terms as the Court specifies, so that substantive consolidation can be attempted through a Subchapter V Plan of Reorganization.

Respectfully submitted this 4th day of April, 2022.

/s/ E.P. Bud Kirk
E.P. BUD KIRK
State Bar No. 11508650
600 Sunland Park Drive
Bldg. Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

Attorney for Debtor-in-Possession

7

## CERTIFICATE OF SERVICE

I do hereby certify that on the 4th day of April, 2022, I did cause a copy of the foregoing Motion for Substantive Consolidation of Subchapter V Cases to be mailed to U.S. Trustee, P.O. Box 1539, San Antonio, TX 78205-1539; to Brad W. Odell, Subchapter V Trustee, 1500 Broadway, Ste. 700, Lubbock, TX 79401; to ATSI, Inc., c/o Abraham J. Wardy, 12308 Red Sun Dr., El Paso, TX 79938; to City of El Paso, c/o Don Stecker, 112 E. Pecan Street, Ste. 2200, San Antonio, TX 78205; and to all parties in interest as shown on the attached list.

/s/ [signature]
E.P. BUD KIRK

4981.001-MC-031622

Abraham Wardy
12308 Red Sun
El Paso, TX 79938

American Express
P.O. Box 650448
Dallas, TX 75265-0048

Bank of America
P.O. Box 15019
Wilmington, DE 19850

BFS Capital
1970 Oakcrest Ave, Suite 217
Saint Paul, MN 55113

CIT
10201 Centuarion Parkway North
Suite 100
Jacksonville, FL 32256

E Advance Services
122 East 42nd Street, Ste. 2112
New York, NY 10168

EP Leasing, LLC
P.O. Box 290775
El Paso, TX 79935

Internal Revenue Service
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

IRS Insolvency Office
300 E. 8th Street, Mail Stop 5026AUS
Austin, TX 78701

LoanBuilder
3505 Silverside Rd. Suite 200
Wilmington, DE 19810

On Deck Capital
1400 Broadway 25th Floor
New York, NY 10018-5225

Penske
P.O. Box 563
Reading, PA 19603

Penske Truck Leasing
11451 Chito Samaniego Dr.
El Paso, TX 79936

S.W.I.T.
2959 Irving, Blvd.
Dallas, TX 75247

8

United States Attorney
Civil Process Clerk-
Internal Revenue Service
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216

United States Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

World Global Capital
116 Nassau Street, Suite 804
New York, NY 10038